NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 12, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2086

| | |
|---|---|
| MAURICE WILSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 10-648-GPM |
| | |
| LEE RYKER, et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**ORDER**

Illinois prisoner Maurice Wilson appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983, alleging that prison officials violated the Eighth Amendment by failing to protect him from attacks he expects to suffer at the hands of other prisoners. We affirm.

---

[*]Appellees were never served with process in the district court, and have not filed briefs or otherwise participated in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

Wilson, an inmate at the Lawrence Correctional Center, brought this failure-to-protect suit out of concern that his pleas for protection have gone unheeded and that he "should not have to wait until he is victimized to seek adjudication of his 8th Amendment Claim." He sued the prison's warden, several assistant wardens, and a correctional officer, as well as a regional manager for the Illinois Department of Corrections, for failing to protect him from a risk of violence he regularly encounters and expects to continue to encounter. He alleged that the defendants assigned him to cells with prisoners of different races and gang affiliations despite knowing that these assignments pose an excessive risk to his safety. Wilson also alleged generally that the defendants refuse his requests to be moved to either a new cell or protective custody, and that the defendants do not require security officers to conduct "rounds" or to respond to "panic button" calls.

The district court screened Wilson's complaint under 28 U.S.C. § 1915A(b)(1) and dismissed it for failure to state a claim. The court construed the complaint as alleging a right to be celled with prisoners of the same race or gang affiliation, and concluded that Wilson failed to state a claim because inmates have no constitutionally-recognized interest in choosing their cellmate.

Wilson appeals, arguing that he adequately stated a failure-to-protect claim. He asserts that he sufficiently alleged that the defendants were aware of the risks he faces, and maintains that the prison's dangerous environment forces him to either physically defend himself in a "human cockfight"—and suffer the consequential penal sanctions for fighting—or refuse to fight and be victimized and abused, while correctional staff looks on in amusement.

The pleading standard set forth in Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a failure-to-protect claim, Wilson must allege facts from which a court could conclude that he faces a substantial risk of serious harm, and that the defendants knew of and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). However, a generalized risk of violence is not enough, for prisons are inherently dangerous places. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Instead, Wilson must allege a tangible threat to his safety or well-being. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). Such a threat must reflect that he is subject to a substantial risk of future harm. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 846–847 (7th Cir. 1999). A substantial risk of serious harm is one in which the risk

is "so great" that it is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. "[T]he conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees*, 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35 (1993)).

Wilson's allegations do not suggest that he was "almost certain" or "very likely" to suffer serious harm. He alleged generally that the prison's policy of "inter-racial celly, opposition gang-member celly does place my life . . . in danger" and that the security staff's failure to make rounds or respond to panic-button calls "leav[es] me to defend myself from attack while housed behind these steel doors with someone I do not get along with." But these broad charges fail to identify any tangible or imminent risk of harm. A claim of being celled with inmates of different races or gang affiliations without more—such as the existence of a threat or history of violence—is too general and uncertain to state a plausible failure-to-protect claim. *See Santiago*, 599 F.3d at 758 (assaulted prisoner stated failure-to-protect claim against warden by alleging that warden knew or should have known that his cellmate had history of assaulting cellmates); *Brown*, 398 F.3d at 913 (assaulted white prisoner stated failure-to-protect claim by alleging that prison officials allowed unsupervised access to facility's dayroom to black resident with known propensity to attack whites).

We make one final observation. The district court's order inappropriately referred to an evidentiary burden when it stated that it would not substitute its judgment for that of prison officials "in the absence of substantial evidence in the record" showing that the officials exaggerated their response to security considerations. However, "[i]n federal court under Rule 8, the rules are simple: Notice is what counts. Not facts; not elements of 'causes of action'; not legal theories." *Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006). Despite the district court's misstatement, the complaint must be dismissed for failure to state a claim.

**AFFIRMED**.